UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

NATALIE FERNANDEZ

Plaintiff

      -V-

THE CITY OF NEW YORK, THE NEW

YORK CITY POLICE DEPARTMENT,

POLICE OFFICER ULISES SANTANA

SHIELD NUMBER 30505

Defendants.

----------------------------------------------------X

ECF CASE

TRIAL BY JURY

DEMANDED

CIVIL RIGHTS  COMPLAINT

Plaintiff, NATALIE FERNANDEZ, by and through her attorney, Andres M. Aranda, Esq., respectfully shows to this court and alleges as follows:

1. This is a civil rights action in which the Plaintiff, NATALIE FERNADEZ seeks relief for the defendants' violations of her rights secured by the Civil Rights Act of 1871, 42 USC Section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution and the Constitutions of the State of New York and the United States.
2. The plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.
3. This action was initiated within three years after the Plaintiff's claim arose due to the termination of the criminal prosecution, in which the criminal matter was dismissed and sealed on September 8, 2023.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. Sect. 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York.
5. Jurisdiction is founded upon 28 U.S.C. Sect. 1331,1343, (1-4) and 2202.
6. Venue is proper in this district pursuant to 28 U.S.C. Sect. 1391 (b).

## JURY DEMANDED

7. The Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff, NATALIE FERNANDEZ, is an American Citizen residing in the Bronx, New York. She was falsely accused and arrested on November 9, 2024, and she had all charges dismissed on February 13, 2025.

9. Defendant City of New York, hereinafter City, is a municipal corporation organized under the laws of the State of New York and the public employer of the Police Officers named as a Defendants in this action.

10. The Defendant, NEW YORK CITY POLICE DEPARTMENT, hereinafter NYPD, is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendants Police Officers, including P O ULISESSANTANA, were  Police Officers of the NYPD, employed by the NYPD, and acting under color of law, as agent, servant and employee of the defendant City and in furtherance of and within the scope of their employment, to wit under color of statues, ordinances, policies, regulations, customs, and usages of the City and or the NYPD. The City of New York and the NYPD hired, trained, and supervised them.

## FACTUAL ALLEGATIONS

12. On November 9, 2024, at approximately 5:30 PM, Plaintiff, Natalie Fernandez, was maliciously, brutally and illegally arrested inside 2710 Morris Avenue, Bronx, NY, within the jurisdiction of the SDNY. She was assaulted, manhandled and beaten by police officers, in uniform, members of the NYPD, employees of the defendants City of NY and NYPD.

13. The plaintiff was arrested, handcuffed and placed inside a police cruiser in front of her friends, neighbors and family members, causing her great pain, humiliation, embarrassment, alarm and harm to her reputation.

14. The plaintiff was officially arraigned on November 10, 2024, and was subsequently released on her own recognizance (ROR).

15. The Plaintiff had to appear in court several times before the Matter was dismissed.

16. The Plaintiff had to retain the services of an attorney in order to have legal representation.

17. The Plaintiff was severely injured during the illegal arrest process, as a consequence of the excessive and unnecessary force used during the arrest.

18. There were at least eight officers, in uniform, during the arrest process and in order to hide and cover up their brutality and viciousness during the arrest process, they falsely charged the plaintiff, a young female who weighs less than 150 pounds, with resisting arrest.(Criminal Court Complaint attached as Ex. No. 1)

19. P. O. Ulises Santana falsely accused Natalie Fernandez, plaintiff, of resisting arrest.

20. The Plaintiff was also falsely charged with Obstructing Governmental Administration and Attempted Escape. (See attached Criminal Court Complaint).

21. After a full and thorough investigation, ALL the criminal charges against the plaintiff were dismissed and sealed on February 13, 2025. (Certificate of Disposition attached as ex. No. 2).

22. As stated above, the plaintiff was released at arraignment, ROR.

23. Upon being released, the plaintiff went to the hospital because she was in excruciating pain.

24. The plaintiff has undergone surgery to repair the damage done to her by the defendants, including PO Ulises Santana, an employee of the City and the NYPD, who was in uniform at the time of this illegal act and who was acting under color of law, acting within the scope of his employment, authorized and empowered by the NYPD and the City of NY to do so, and who was improperly trained and supervised, needlessly causing the plaintiff to suffer these serious injuries and this mental suffering, anguish and despair, having been brutally treated unnecessarily.

25. Additionally, she has trouble sleeping and concentrating since this awful experience and is always in pain.

26. Her use of her shoulders and arms has been severely curtailed and diminished.

27. Plaintiff now gets scared, and nervous when she sees police officers on the street.

CAUSES OF ACTION

Count 1

SECTION 1981, 1983, 42 U.S.C. Fourth and Fourteenth Amendmen

Violations: Malicious Prosecution

28. The plaintiff incorporates by reference all of the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. On or about November 9, 2024, the defendants commenced a criminal proceeding against the plaintiff by allegedly misrepresenting and falsifying evidence in criminal court; this action was initiated and signed by Officer Ulises Santana.

30. P.O. Ulises Santana was the primary witness against Ms. Natalie Fernandez he was the affiant of the criminal court complaint lodged against plaintiff,he swore under

penalties of perjury and signed said instrument on November 9, 2024, at 10:59 PM. Ms. NATALIE FERNANDEZ was exonerated.

31. Plaintiff states and alleges that P.O. Santana did NOT make a complete, accurate, truthful and full statement of facts. P.O. Santana falsified evidence in the criminal court complaint, leading to a false finding of probable cause by the Court and Bronx County District Attorney.

32. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be charged with acts in violation of the Penal Law of the State of New York.

33. Plaintiff had not given defendants CITY, NYPD and Police Officers, their agents, servants or employees, probable cause to believe the falsely charged illegal acts imputed to her.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including Police Officers defendants herein, probable cause to believe that plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because the police did not arrest the plaintiff with a desire to see the ends of justice served but rather with the malicious intent of making another false arrest, and of justifying their desire to have the number of cases "solved" go up.

36. As a result of defendants' malicious acts, the plaintiff was forced to be incarcerated for over twenty-four hours, to defend herself in court, incurring legal expenses, spending many hours in court, needlessly having to worry about his case and her liberty.

37. Plaintiff was also severely injured and had to seek medical attention, including surgery and rehabilitating therapy.

38. The plaintiff remained incarcerated approximately 30 hours in Central Booking, thus being unjustly deprived of his liberty and having his life put at risk. I should note that Bronx Central Booking is a dangerous cesspool full of violent individuals, with a horrible smell of human rot, old urine and worse.

39. The conduct of the defendants was the direct cause of the plaintiff being deprived of her liberty for approximately 30 hours in violation of the U.S. Constitution, the Constitution of the State of New York and the Civil Rights Act.

40. The defendant's action ruined the plaintiff's reputation and standing in the community, as well as causing her great pain and suffering, both physical and psychological.

41. The plaintiff was falsely arrested in front of her family, neighbors and friends, thus ruining her reputation and standing in the communitty.

42. As stated above, on February 13, 2025, ALL the criminal charges against plaintiff were dismissed and sealed after a full and thorough investigation was conducted.

## COUNT TWO FOR RELIEF

### 42 U.S.C. SECTIONS 1981, 1983 AND THE FOURTH AMENDMENT

### VIOLATIONS FOR FALSE ARREST

43. Plaintiff repats and reiterates the allegations contained in the complaint as if fully set forth herein.

44. On or about November 9, 2024, in the County of the Bronx, New York, within the jurisdiction of the SDNY, NATALIE FERNANDEZ was detained, arrested, and held by agents, employees, and/or representatives of the defendant CITY, including defendant ULISES SANTANA. This was effectuated by the filing of a false and misleading complaint which was sworn to, and signed, by defendant P.O. ULISSES SANTANA, the primary witness against NATALIE FERNANDEZ.

1. The arrest and imprisonment were unjustified, malicious, and unlawful, lacking a warrant or probable cause, and constituted false arrest and imprisonment, as shown by the dismissal and sealing of all charges against Natalie Fernandez by a competent criminal court.

45. That defendant CITY, through its agents, servants and/or employees, including defendant police officer ULISES SANTANA, acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of NATALIE FERNANDEZ, and in seriously injuring her.

1. When NATALIE FERNANDEZ was unlawfully arrested and imprisoned, the defendants knew or should have known, with proper procedure and reasonable investigation, that there was no probable cause or legal justification TO DO SO NOR TO MALICIOUSLY ATTACK AND INJURE HER.

46. In fact, we allege that these wanton and malicious acts were purposedly perpetrated by the unjustified defendants.

47. That the aforementioned arrest and imprisonment was made with knowledge of and/or reckless disregard of the material falseness of the criminal complaint.

48. The aforementioned false arrest and imprisonment caused NATALIE FERNANDEZ to suffer severe physical injuries, emotional and psychological distress, anguish, anxiety, fear humiliation, and loss of freedom.

49. As a result, the defendants owe Natalie Fernandez an amount above the limits of lower courts' jurisdiction.

## COUNT THREE

### 42 U.S.C. Section 1983 and the Fourth Amendment Violation

### EXCESSIVE AND UNNECESSARY FORCE

50. The plaintiff restates and incorporates by reference all allegations from the previous paragraphs of this complaint as though they were fully detailed here.

51. On or about November 9, 2024, plaintiff, Natalie Fernandez was detained, arrested, and imprisoned by P.O. Ulises Santana, an employee and agent of defendants NYPD and City of NY. At that time he was acting under color of law and within the scope of his employment. He was if full police uniform.

52. Defendant ULISES SANTAA used excessive and unnecessary force in order to arrest plaintiff Natalie Fernandez. He did so while falsely and maliciously arresting plaintiff. Plaintiff suffered severe and unnecessary pain, had to seek medical help, including undergoing surgery and will still need further surgery to her shoulder.

53. Plaintiff's range of motion has been severely limited as a direct consequence of the vicious, brutal and unnecessary excessive force used to arrest and detain her, without probable cause or justification to do so.

54. It is per se unreasonable for a citizen to be injured during an arrest. Here the manner in which plaintiff was manhandled and abused clearly makes it not only unreasonable and excessive but under 18 U.S.C. Section 242 it makes it borderline criminal in nature. This statute makes it illegal for any law enforcement officer acting under color of law, such as herein, to deprive a person of their constitutional rights, such as by falsely arresting them, while using excessive force.

55. By reason of the foregoing the defendants became liable to NATALIE FERNANDEZ in a sum which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## COUNT FOUR

### MUNICIPAL LIABILITY FOR CONSTITUTIONAL

### VIOLATIONS: MONELL CLAIM

56. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this complaint.

57. Prior to NOVEMBER 9, 2024, the CITY developed and maintained policies and customs which caused the deprivation and violation of Plaintiff's Constitutional rights.

58. Prior to NOVEMBER 9, 2025, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care and investigation, should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrest, using unnecessary and excessive force while performing those arrests, coaching allege crime victims in order to enhance cases and to get around legal bars and obstacles that prevent certain cases from legally going forward, using excessive and unwarranted force while making those false arrests, engaging in malicious prosecution, and unconstitutional violations of citizens' rights as guaranteed by the Constitution of the United States, the Constitution of the State of New York, and just plain decency. Specifically, defendant CITY knew or should have known that defendant P.O. ULISES SANTANA and policers not yet identified but believed to be members of the Bronx 46th police precinct, and other Bronx police officers had falsely arrested, assaulted, and maliciously prosecuted other individuals, often resulting in tainted prosecutions and serious physical injuries.

59. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department, officers employed by them and for whose acts they are responsible.

60. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case that they could violate the constitutional rights of the plaintiff, NATALIE FERNANDEZ, with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. Section 1983.

61. As a result of the foregoing, the plaintiff sustained damages and injuries previously described and seeks compensatory damages from the City of New York.

DAMAGES

62. As a direct and proximate cause of the said acts of defendants, plaintiff, NATALIE FERNANDEZ, suffered the following injuries damages:

a. Violations of her rights under the Fourth and Fourteenth Amendments to the Constitution:

b. Loss to physical liberty due to detention/incarceration:

c. Further restrictions of his liberty due to forced court appearances:

d. Humiliation, embarrassment, and injury to reputation:

e. Extreme emotional distress:

f. Severe disruption of family:

g. Excruciating and extreme physical pain and suffering as a result of being injured due to the excessive and unnecessary force used to falsely arrest her.

i. Physical injury requiring surgery and physical therapy as a result of the wanton and malicious force used to arrest her.

WHEREFORE, plaintiff requests the following relief as against all of the defendants herein:

1. Award compensatory damages in an amount to be determined by the Court
2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action.
3. For such and further relief as this Court may deem just and proper.

ANDRES M. ARANDA, ESQ.

930 GRAND CONCOURSE, STE 1A

BRONX, NEW YORK 10451

1-718-541-9244

arandaoffice@gmail.com

Dated: Bronx N.Y.

December 29, 2025

EXHIBIT NUMBER ONE

# BRONX CRIMINAL COURT

265 E 161 Street, Bronx, NY 10451

**FEE**

Non-Public
Version

Court ORI: NY062033J

The People of the State of New York

vs.

**Natalie Fernandez**

**Certificate of Disposition**
Docket Number: **CR-027981-24BX**

CJTN: 709283335Z
NYSID: 13454373R

Defendant DOB: **06/08/1992**

Arrest Date: **11/09/2024**    Arraignment Date: **11/10/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 195.05 01 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/13/2025 |
| 2 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/13/2025 |
| 3 | PL 110-205.05 BM Attempted Escape-3rd **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/13/2025 |

Charge Weight Key: I–Infraction; V=Violation; AM, BM=Class Misdemeanor; UM–Unclassified Misdemeanor; AF, BF, CF, DF, EF–Class Felony

Dated: **March 31, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50:    All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

EXHIBIT NUMBER TWO

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

1.  NATALIE FERNANDEZ F/32
    Arrest# B24652781


                    Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

PO ULISES SANTANA of 52 PCT, Shield# 30505, states that on or about November 9, 2024 at approximately 5:30 PM inside of 2710 Morris Ave, County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:

1 (M) P.L. 195.05(1)     Obstructing Governmental Administration 2^ DQO
2 (M) P.L. 205.30        Resisting Arrest DQO
3 (M) P.L. 110/205.05    Attempted Escape 3^ DQO

IN THAT THE DEFENDANT DID: intentionally obstruct, impair or pervert the administration of law or other governmental function or prevent or attempted to prevent a public servant, including an election officer, from performing an official function, by means of intimidation, physical force or interfernce, or by means of an independently unlawful act, or by means of interfering, whether or not physical force was involved, with radio, telephone, television or other telecommunications sustains owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.; intentionally prevent or attempt to prevent a peace officer or police officer from effecting an authorized arrest of himself or another person and attempt to escape from custody.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that at the above time and place upon attempting to lawfully arrest the defendant on a domestic violence radio run, defendant slipped her hand out of the handcuffs, began walking away from Deponent as he tried to put handcuffs back onto defendant. Deponent further states that defendant flailed her arms, and twisted her body while running away from the officer back into the apartment screaming and refusing to be handcuffed. Deponent further states that while walking the defendant to the radio motor patrol car defendant sat down on the stairs and refused to budge and once again attempted to slip out of the hand cuffs. Deponent further states that when



Page 1 of 2

002912048

walking the defendant to the radio motor patrol car, defendant began pushing against deponent using her body and placing her weight downwards to prevent the deponent from placing defendant inside the vehicle.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

11/09/2024. 10:59PM
DATE and TIME                    SIGNATURE



Page 2 of 2

002912048

# New York State Unified Court System

## WebCriminal

### Case Details - Summary

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Bronx Criminal Court** |
| Case #: | **CR-027981-24BX** |
| Defendant: | **Fernandez, Natalie** |

**Defendant**

| | |
|---|---|
| Name: | **Fernandez, Natalie** |
| Birth Year: | **1992** |

**Incident and Arrest**

**Incident**

| | |
|---|---|
| Date: | **November 09, 2024** |
| CJTN: | **70928335Z** |

**Arrest**

| | |
|---|---|
| Date: | **November 09, 2024** |
| Arrest #: | **B24652781** |

**Officer**

| | |
|---|---|
| Agency: | **NYCPD PCT 052** |
| Command: | |

**Attorney Information**

**Defense Attorney**

| | |
|---|---|
| Name: | **Aranda, Andres Manuel** |
| Type: | **Retained Attorney** |
| Address: | **930 GRAND CONCOURSE BRONX, New York 10451** |
| Phone: | **(718) 541-9244** |

**Assistant District Attorney**

| | |
|---|---|
| Name: | **Bronx County District Attorney** |

**Next Appearance**

| | |
|---|---|
| Date: | **February 07, 2025** |
| Time: | **09:00 AM** |
| Court: | **Bronx Criminal Court** |
| Judge: | **Judge, TBD** |
| Part: | **AP3** |

# New York State Unified Court System

## WebCriminal

### Case Details - Appearances

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Bronx Criminal Court** |
| Case #: | **CR-027981-24BX** |
| Defendant: | **Fernandez, Natalie** |

| Date/ Time | Judge/ Part | Calendar Section | Arraignment/ Hearing Type | Court Reporter | Outcome/ Release Status |
|---|---|---|---|---|---|
| 11/10/2024 09:00 AM | Judge, TBD APAR4 | Arraignment | 1st Appearance | | Rescheduled |
| 11/10/2024 05:00 PM | Davila, Michele APAR3 | Transfer | 1st Appearance | DePalma, Anthony | Adjourned, Arraigned, Pled Not Guilty, Bail: Requested By Prosecutor : Bail Status (ROR), ROR |
| 01/08/2025 09:00 AM | Bowen, Eugene D. AP3 | Open | Adjournment | Debellotte, Vanessa | Adjourned |
| 02/07/2025 09:00 AM | Judge, TBD AP3 | Open | Adjournment | | |

# New York State Unified Court System

## WebCriminal

## Case Details - Charges

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Bronx Criminal Court** |
| Case #: | **CR-027981-24BX** |
| Defendant: | **Fernandez, Natalie** |

**Note:** The appearance of section 110 in front of the charge indicates it is an attempt to commit the crime.

| Charge | Detail | | Disposition/Sentence |
|---|---|---|---|
| PL 195.05 01<br>** TOP CHARGE ** | **AM , 1 count, Arrest Charge**<br>Description:<br>Count: | <br>*Obstruct Governmentl Admin-2nd*<br>*1* | Arraigned, Pled<br>Not Guilty |
| PL 205.30 | **AM , 1 count, Arrest Charge**<br>Description:<br>Count: | <br>*Resisting Arrest*<br>*2* | Arraigned, Pled<br>Not Guilty |
| PL 110-205.05 | **BM , 1 count, Arrest Charge**<br>Description:<br>Count: | <br>*Escape-3rd*<br>*3* | Arraigned, Pled<br>Not Guilty |

EXHIBIT NUMBER FOUR

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, NATALIE FERNANDEZ Date of Birth 6, 8, 92.
SS# 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 , pursuant to NYCPL § 160.50[1][d], hereby designate MURIEL GOODE TOJFR JO Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York</u> v. NATALIE FERNANDEZ, Docket No. or Indictment No. CR0 023981-24 BX in CRIMINAL Court, County of BRONX , State of New York, relating to my arrest on or about 11-09-2024 , may be made available for use in Civil Action NATALIE FERNANDEZ v CITY OF NY EL AL (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

X _____
SIGNATURE

STATE OF NEW YORK      )
                       : SS.:
COUNTY OF Bronx        )

On this 7th day of February , 2027 before me personally came Natalie Fernandez , to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

_____
NOTARY PUBLIC

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20.24

EXHIBIT NUMBER THREE



OCA Official Form No.: 960

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name Natalie Fernandez | Date of Birth 6/8/92 | Social Security Number 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 |
|---|---|---|

Patient Address 1755 Bruckner Blvd 4F Bronx NY 10472

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).

7. Name and address of health provider or entity to release this information: NORTH CENTRAL BRONX HOSP. 3424 KOSSUTH AVE. BX NY 10167

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
- ☐ Medical Record from (insert date) _____ to (insert date) _____
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☐ Other: _____

_____

Include: (indicate by Initialing)

_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
                         Initials                    Name of individual health care provider

to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: <br> ☐ At request of individual <br> ☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____                                Date: 2/7/25
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.



**HHC**

# NYCHHC HIPAA Authorization to Disclose Health Information
### ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS 1755 Bruckek Blvd 4F Bronx, NY 10472 Natalie Fernandez | DATE OF BIRTH 6/8/92 | PATIENT SSN 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 |
|---|---|---|
| | MEDICAL RECORD NUMBER 7050231 | TELEPHONE NUMBER 646-831-3465 |

| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION NO. CENTRAL BRONX HOSP 3424 KOSSUTH AVE. BRONX, N.Y. 10467 | SPECIFIC INFORMATION TO BE RELEASED: MEDICAL RECORDS Information Requested Treatment Dates from 11-09-24 to 12-01-26 |
|---|---|

| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT CORP. COUNSEL NY CITY 100 CHURCH ST. NEW YORK, N.Y. 10007 | INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request. |
|---|---|

☐ Alcohol and/or Substance Abuse Program Information    ☐ Mental Health Information

☐ Genetic Testing Information    ☐ HIV/AIDS-related Information

| REASON FOR RELEASE OF INFORMATION ☒ Legal Matter   ☐ Individual's Request ☐ Other (please specify): | WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one) ☐ Event:    ☐ On this date: |
|---|---|

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| DATE 2/7/25 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2410, Revised 06-05

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NATALIE FERNANDEZ

                          Plaintiff,

-against-

The City of New York, et al.,

                          Defendants.

------------------------------------------------------------x

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

___ Civ. _____ ( )( )

TO: North Central Bronx 3424 Kossuth Ave, BX NY 10467

NAME AND ADDRESS OF MEDICAL PROVIDER

    I authorize the use and disclosure of MEDICAL TREATMENT health information as described below.

    **YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of the entire medical or hospital record of NATALIE FERNANDEZ Date of Birth: 06/08/1992; SS #: 165-74 1165 who was examined or treated in your hospital or by you on or about 11-09-2024

    The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

    I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse. I only authorize the release of such information to the extent that I have initialed below:

Sexually transmitted diseases                _VK_

AIDS/HIV                                  _bK_

Behavioral or mental health service        _4K_

Treatment for alcohol and drug abuse     _4L_

This information may be disclosed to and used by the following organization:

The Office of the Corporation Counsel
100 Church Street
New York, NY 10007

for the purpose of the defense of this civil litigation only.

I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition on the conclusion of the litigation in the above-captioned action. If I fail to specify an expiration date, event or condition, this authorization will expire in six months. I understand that authorizing the disclosure of this health information is voluntary; I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:    New York, New York
          _____ 2025  2/7/25   _____

STATE OF NEW YORK    )
                     : SS:
COUNTY OF Bronx      )

On the 7th day of February, 2025 before me personally came and appeared Natalie Fernandez to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that ___ executed the same.

_____
NOTARY PUBLIC

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20..27